JOHN L. BURRIS ESQ., SBN #236229
DEWITT LACY ESQ., SBN# 258789
LAW OFFICES OF JOHN L. BURRIS
AIRPORT CORPORATE CENTRE
7677 OAKPORT STREET, SUITE 1120
OAKLAND, CALIFORNIA 94621
TELEPHONE: (510) 839-5200
FACSIMILE: (510) 839-3882
JOHN.BURRIS@JOHNBURRISLAW.COM

Attorney(s) for Plaintiff

FILED
MAR - 5 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHAU VAN, an individual,

    Plaintiff,

v.

CITY OF OAKLAND, a municipal corporation;
HOWARD JORDAN, individually, Officer
JOHNNA WATKINS, individually, Officer
CYNTHIA PERKINS, individually; DOES 1-100,
inclusive,

    Defendants

Case No.: **C13- 992**

COMPLAINT FOR DAMAGES
(42 U.S.C §§ 1983; and pendant tort claims)

JURY TRIAL DEMANDED

INTRODUCTION

This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of

the state of California. This action is against the CITY OF OAKLAND. It is also alleged that these violations and torts were committed due to policies and customs of the OAKLAND POLICE DEPARTMENT.

## JURISDICTION

This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the CITY OF OAKLAND which is within this judicial district.

## PARTIES

1. At all times relevant to this complaint, Plaintiff CHAU VAN (hereinafter "Plaintiff") was and is a resident of SAN LEANDRO, CALIFORNIA and a United States Citizen.

2. Defendant CITY OF OAKLAND (hereinafter "CITY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the Oakland Police Department.

3. At all times mentioned herein, HOWARD JORDAN (hereinafter "Chief HOWARD") was employed by Defendant CITY as Chief of Police for the City of Oakland Police Department. He is being sued in his individual capacity.

4. At all times mentioned herein, OFFICERS JOHNNA WATKINS AND CYNTHIA PERKINS (hereinafter "WATKINS" and "PERKINS"), were employed by Defendant CITY as police officers for the City of Oakland Police Department. They are being sued in their individual capacities.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named caused Plaintiff to be wrongfully placed on the City of Oakland's Most Wanted list and falsely reported Plaintiff as a violent felon to the media and to news reporters causing Plaintiff to be wrongfully reported to the public as a dangerous, violent, and wanted felon. Plaintiff is also informed and believes and thereon alleges that each Defendant so named refused to take Plaintiff off of the

City of Oakland's Most Wanted List or to retract the false report to the media and news reporters, once said Defendants were notified that the report was false. Thereby, each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this complaint to allege their true names and capacities when ascertained subject to further discovery.

6. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 11 through 100, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Plaintiff will amend this complaint to allege their true names and capacities when ascertained subject to further discovery. In engaging in the conduct described herein, the Defendant police officers, and each of them, acted within the course and scope of their employment.

7. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

8. In doing the acts and/or omissions alleged herein, the Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

8. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

9. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## FACTS

10. The incident took place on February 7, 2012, at 10:00 p.m. in Oakland, California, Alameda County.

11. On February 7, 2012, Plaintiff Chau Van received a phone call from a friend. The friend advised Mr. Van that his name and picture were being broadcast on the local news

television station KTVU. Mr. Van's friend notified him that the media was reporting that Mr. Van was one of Oakland's Most Wanted criminals.

12. When Mr. Van returned home, he checked the internet and confirmed that his name and face were on the news and and that it was being reported that he was responsible for a shooting.

13. Mr. Van was shocked and afraid after seeing the numerous news articles. Mr. Van was frightened because he was being falsely accused of a violent felony and was in fear for his life. Mr. Van was scared that the police would break into his house and possibly harm him based on this mistake.

14. The news article asked the general public to notify the Department of Alcohol Tobacco and Firearms if they had seen the dangerous fugitive 'Chau Van'.

15. Mr. Van immediately called his attorney, Stuart Hanlon, for advice. Mr. Van's attorney advised him to stay in his house. Mr. Van's attorney was concerned that Mr. Van may be harmed if the police saw him in public and attempted to apprehend him as a reported violent felon.

16. Mr. Van's attorney started an investigation. The Oakland Police Department told Mr. Van's attorney there was not an arrest warrant for him despite him being listed on Oakland' Most Wanted list.

17. On February 13, 2012, after nearly a week of hiding in fear, Mr. Van turned himself in to the Oakland Police Department in order to resolve this devastating mistake. Mr. Van was searched and humiliated. Mr. Van was held in custody for a crime he did not commit, without any basis in probable cause.

18. Approximately 72 hours later, Mr. Van was released. Mr. Van was not charged with any crime.

19. By February 16, 2012, the City of Oakland Police Department was on notice that Mr. Van was wrongly listed on the Oakland's Most Wanted list and Mr. Van was still being depicted as a violent felon. Mr. Van spent several months trying to get his name and image

removed from the Oakland'sMost Wanted list. The City of Oakland Police Department failed to correct the false listing.

20. In August 2012, six months after the initial listing, Mr. Van felt compelled to engage the services of the undersigned, the Law Offices of John L. Burris, to pursue removing his name and image from the City of Oakland Police Department's Most Wanted list. The undersigned was forced to intervene and sent a demand letter to the Oakland Police Department insisting that they remove Mr. Van's name and image from the Oakland's Most Wantedlist.

21. During the six months that he appeared on the City of Oakland's Most Wanted list, Mr. Van lived in constant fear for his safety as a result of being subjected to this false and derogatory listing. Mr. Van suffered from continual embarassment from the City of Oakland Police Department's outrageous refusal to remove his name and image from Oakland's Most Wanted for six months.

22. Mr. Van's reputation and peace of mind has been irreparably harmed after being reported as an armed gunman for six months.

23. Mr. Van lives in a state of embarassment, depression and shame because of the erroneous listing and overt and prolonged refusal to remove him from the City of Oakland's Most Wanted list, despite information known by the City of Oakland Police Department that his appearance on the list was unwarranted and completely untrue. All of the conduct described herein was malicious and/or done without just cause, proximate causing Plaintiff's injuries and resulting damages.

## DAMAGES

24. As a proximate result of Defendants' conduct, Plaintiff suffered wrongful arrest, wrongful detention, substantial physical and emotional injuries. As a further proximate result of Defendants' conduct, Plaintiff incurred damages caused by his wrongful detention and Defendants' libelous conduct. Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

25. The conduct of defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and aware of punitive damages against said defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants WATKINS and PERKINS and DOES 1-10)

26. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27. In doing the acts complained of herein, Defendants WATKINS, PERKINS and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

  a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

  b. The right to free speech, as guaranteed by the First Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(*Monell* – 42 U.S.C. section 1983)
(Against Defendant CITY, Chief JORDAN, and DOES 11-100)

28. Plaintiff hereby incorporates paragraphs 1-27 by reference, as though fully set forth herein.

29. Plaintiffs are informed and believe and thereon allege that high ranking CITY OF OAKLAND officials, including high ranking police supervisors such as Defendant

JORDAN, DOES 11 through 100, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officers WATKINS, PERKINS and DOES 1-10, and/or each of them.

30. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants JORDAN, DOES 11-100, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

31. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants JORDAN, and DOES 11-100 and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

32. Plaintiff further alleges that Defendants JORDAN, DOES 11-100, and/or each of them, were on notice of the Constitutional defects in their training of CITY OF OAKLAND police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

33. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF OAKLAND officials, including high ranking CITY OF OAKLAND Police Department supervisors, Defendants JORDAN, DOES 11-100, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION
(Defamation)
(Against DOES 1-10)

34. Plaintiff hereby incorporates paragraphs 1 through 33 by reference, as though fully set forth herein.

35. By the above described acts incorporated herein, Defendants, and each of them, individually and in concert with others acting within the scope of their employment, caused to be published false and unprivileged communications tending directly to injure Plaintiff in his personal and professional reputation. Specifically, defendants created criminal records made available to others which informed others, including the news media and the general public, law enforcement personnel and potential employers of Plaintiff, that Plaintiff was a violent felon who was wanted for shooting a human being, when, in fact, prior to the acts or omissions complained of herein, the Plaintiff was a law abiding citizen with no history of violence.

36. The statements set forth above remained to be published with express and implied malice on the part of all defendants, and each of them, and with design and intent to injure Plaintiff in his good name, reputation and employment.

37. As a proximate result of the defamatory and factually incorrect statements published by defendants, and each of them, as aforesaid, Plaintiff has suffered injury to his personal, business and professional reputation, and further has suffered and continues to suffer embarrassment, humiliation and anguish all to his damage in an amount according to proof.

38. Defendant was required to safeguard Plaintiff's rights and act promptly to correct inaccuracies within their direct control, but instead contributed to the violation of Plaintiff's

rights by failing to remove the Oakland's Most Wanted listing once Defendant had notice that the listing was false.

39. Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from defendants, and each of them, in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against Defendants WATKINS and PERKINS)

40. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41. Defendant's WATKINS and PERKINS falsely imprisoned and arrested Plaintiff without probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any crime.

42. Defendants WATKINS and PERKINS failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as government agents in falsely imprisoning plaintiff without probable cause and in any force used against said plaintiff to affect the false arrest.

43. As a proximate result of Defendants WATKINS and PERKINS' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants WATKINS and PERKINS and DOES 1-10)

44. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint.

45. The conduct of Defendants WATKINS and PERKINS and DOES 1 through 10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

46. As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Negligence)
(Against Defendants WATKINS and PERKINS and DOES 1-10)

47. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 46 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. At all times herein mentioned, Defendants WATKINS, PERKINS and DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary distress to persons through their use of listing wanted citizens and making unfounded arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein thereby breaching the duty owed. Pursuant to Government Code Section 815.2(a), Defendant is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

49. As a proximate result of Defendants' negligent conduct, Plaintiff suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

50. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated: March 4, 2013                    **The Law Offices of John L. Burris**

_____
Dewitt Lacy, Esq.,
Attorney(s) for Plaintiff